**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1131

STEPHEN LEVINE, on behalf of himself and
all others similarly situated,

Plaintiff, Appellant,

v.

GRUBHUB HOLDINGS INC. and GRUBHUB INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lynch and Selya, Circuit Judges,
and McElroy,[*] District Judge.

Shannon Liss-Riordan, with whom Michelle Cassorla and Lichten
& Liss-Riordan, P.C. were on brief, for appellant.
Theane Evangelis, with whom Blaine H. Evanson, Dhananjay S.
Manthripragada, Alexander Harris, Samuel Eckman, Allison L.
Mather, and Gibson, Dunn & Crutcher LLP were on brief, for
appellees.

[*] Of the District of Rhode Island, sitting by designation.

December 2, 2022

**SELYA**, **Circuit Judge**. The question before us in this appeal is whether couriers who deliver meals and packaged goods from local restaurants to local customers are transportation workers engaged in interstate commerce such that they are exempt from the Federal Arbitration Act (FAA). See 9 U.S.C. § 1. The district court answered this question in the negative and subsequently entered the judgment from which the plaintiff now appeals.

After this appeal was argued, we recently addressed the same issue, on substantially similar facts, in a published opinion. See Immediato v. Postmates, Inc., ___ F.4th ___, ___ (1st Cir. 2022) [No. 22-1015, slip op. at 7-24]. There, we held that a comparable class of workers could not escape from the reach of the FAA by attempting to invoke the section 1 exemption. See id. at ___ [slip op. at 24]. We also held that their contracts with the company for which they worked were nonetheless encompassed by 9 U.S.C. § 2, and that the workers were therefore required to arbitrate their disputes according to the terms of those contracts. See id. at ___ [slip op. at 24-27].

It would serve no useful purpose to repastinate ground already well-plowed. The reasoning in Immediato is fully applicable here, and the holding in that case squarely answers the question presented by this appeal. Thus, we summarily affirm the

judgment below for essentially the reasons explicated in Immediato.

**Affirmed**. See 1st Cir. R. 27.0(c).